UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | CIVIL ACTION NO _____ |
| | SECTION \_\_\_\_ |
| **VERSUS** | JUDGE |
| **UNITED STATES OF AMERICA** | MAGISTRATE JUDGE |

**COMPLAINT**

Plaintiff, Marquette Transportation Company Gulf-Inland, LLC, and for its Complaint against defendant, United States of America, alleges as follows:

**PARTIES**

1. Plaintiff, Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), is a Delaware limited liability company, having its principal place of business in St. Rose, Louisiana, and is the owner and/or operator of the tug GOOD SHEPHERD.

2. Made defendant herein is the United States of America ("United States"), the proper party to answer for the negligent conduct committed by the United States Army Corps of Engineers ("USACE") under 46 U.S.C. § 30901 *et seq*. The United States may be served with process pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

**JURISDICTION AND VENUE**

3. This is an admiralty and maritime action filed under Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction over this lawsuit because the suit arises under the Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq*., and 28 U.S.C. § 1333.

1

4. Under 46 U.S.C. § 30906(a)(2), venue is proper in the Eastern District of Louisiana because the cargo at issue in this action is submerged under the Gulf Intracoastal Waterway, within the jurisdictional boundaries of this District.

## FACTS

5. Upon information and belief, in 2014, the USACE decided to construct and then subsequently constructed a project that the USACE titled the Lake Pontchartrain and Vicinity, Inner Harbor Navigation Canal Lake Borgne Barrier Tripping Dolphin Project – IHNC-02b (the "Project") according to which the USACE controlled, designed, constructed, and installed mooring dolphins located in the vicinity of Mile Board 16 on the Gulf Intracoastal Waterway. To perform this Project, the USACE Engineering Division obtained a Right of Entry from the USACE Real Estate Contracting Division.

6. As owners and/or custodians of the Project / mooring dolphins, the USACE had a duty to inspect and maintain the Project / mooring dolphins to ensure that the mooring dolphins were fit for use and did not pose a danger to the public. Despite their obligations, the USACE negligently failed to inspect and maintain the Project / mooring dolphins to ensure that the mooring dolphins was fit for use and did not pose a danger to the public.

7. During or after completing the Project, one or more set of unmarked mooring dolphin(s) partially comprising the mooring dolphin completely submerged into the Gulf Intracoastal Waterway. Upon information and belief, the USACE had a duty to, but did not ensure, that the submerged mooring dolphin(s) did not pose a hazard to navigation by marking the submerged mooring dolphin(s), placing lights on or near the dolphin, and/or by taking other appropriate measures to warn vessels of the presence of submerged mooring dolphin(s). Upon

information and belief, the USACE had actual and/or constructive knowledge of the condition of the dolphins but still failed to make any repairs.

8. On or about January 14, 2022, Marquette's towing vessel GOOD SHEPHERD pushed eight barges toward a fleeting facility at or near Mile Board 16 on the Gulf Intracoastal Waterway to moor the barges in the fleet. Among the eight barges in GOOD SHEPHERD's tow was MEM 2447, which was transporting approximately 2,000 tons of powdered cement.

9. Upon arriving at the fleeting facility, the GOOD SHEPHERD was instructed to standby near the unmarked, submerged set of mooring dolphin(s) that were owned, constructed, designed, controlled, and installed by the USACE so that the facility could free up space for the GOOD SHEPHERD.

10. While following instruction to stand by near the mooring dolphin(s), MEM 2447 struck the unmarked, submerged, and otherwise defective pile that the USACE designed, constructed, installed, owned, and controlled. The GOOD SHEPHERD's crew was not aware of the submerged pile and could not have been aware of the submerged pile because it was unmarked and below the waterline in the navigation channel. MEM 2447 sustained a breach in its hull as a result of striking the unmarked, submerged set of mooring dolphin(s) and began foundering.

11. Despite efforts to remove water from MEM 2447, GOOD SHEPHERD was unable to save MEM 2447, causing the MEM 2447 and its cargo to sink thirty feet underwater.

12. As a result of the USACE's negligence in failing to properly design, construct, install, operate, control, maintain, repair, rehabilitate, and replace the unmarked, submerged mooring dolphin(s) created for the IHNC Hurricane Protection Work, Marquette has incurred damages including, but not limited to, barge damage, loss of cargo, wreck removal and salvage fees, loss of use, survey and salvage fees, and other expenses, interest, and costs, all of which are

claimed and demanded as recoverable damages in this Complaint against the United States on the basis of Marquette paying said damages to third parties including American Commercial Barge Line LLC, to which it is subrogated, and for its own losses and damages arising out of the casualty.

13. On February 17, 2022, Marquette notified the USACE its intent to hold the USACE liable for any and all damages Marquette incurred as a result of striking the unmarked, submerged mooring dolphin(s) for which the USACE was responsible.

14. On December 8, 2022, Marquette filed an administrative claim against the USACE pursuant to 10 U.S.C. § 7802. In filing its claim, Marquette transmitted a claim letter to the USACE detailing, *inter alia*, events surrounding the sued-upon incident, an itemized list of damages totaling $2,971,645.04, a description of the property damage, and a list of witnesses. More than six months has passed since the filing of the administrative claim, but the USACE has not responded and, on June 30, 2023, stated, "The USACE does not know when it will be in a position to respond, and there are no internal USACE policies that require a formal response." As such, Marquette has no option but to file its Complaint.

15. To date, the USACE has neither responded to nor resolved Marquette's administrative claim addressing GOOD SHEPHERD's incident with the unmarked, submerged mooring dolphin(s). Accordingly, Marquette files the instant suit against the United States seeking recovery of damages incurred including, but not limited to, barge damage, loss of use, survey and salvage fees, attorney's fees, and other expenses, interest, and costs.

## COUNT ONE – MARITIME NEGLIGENCE

16. Marquette incorporates by reference Paragraphs 1 through 16 of the Complaint.

17. This matter has a maritime nexus in that (1) the allision of a vessel in the course of navigation with a stationary object, an acknowledged obstruction to navigation, has the potential

to disrupt maritime commerce and navigation in general; and (2) the navigation of a flotilla of barges on navigable waters and the lighting or marking of an obstruction to navigation bears a substantial relationship to traditional maritime activity.

18. The United States, through its agency, USACE, has a duty to properly maintain any and all navigational obstructions, including the aforementioned Project / mooring dolphins, and to prevent such obstructions from becoming hazards in the navigable waters of the Gulf Intracoastal Waterway.

19. Under the Suits in Admiralty Act, the United States owes a duty equal to that of a private person in like circumstances and must use due care in its undertakings. In conducting operational-level activities on navigable waters by controlling, designing, constructing, installing and maintaining the Project / mooring dolphins at issue, the United States owes a duty to ensure that the unmarked, submerged mooring dolphin(s) in the Gulf Intracoastal Waterway do not interfere with or endanger the flow of commercial maritime traffic on that waterway.

20. The United States, through its agency, USACE, had a duty to properly design, construct, install, maintain, control, and cure any and all navigational obstructions, including the unmarked, submerged mooring dolphin(s) that were constructed as a part of the Project that caused a total loss to MEM 2447 and its cargo, and to prevent such navigational obstructions from becoming navigational hazards in the navigable waters of the Gulf Intracoastal Waterway.

21. The United States breached these duties by failing to properly design, construct, install, maintain, repair, replace, control, and warn Marquette about the unmarked, submerged mooring dolphin(s).

22.     The United States further breached its duties by failing to have a light or markings on the unlit, submerged mooring dolphin(s), increasing the risk that a passing vessel could allide with the mooring dolphin(s).

23.     As the owner, custodian, designer, and builder of the dolphin, the United States knew or should have known that the set of mooring dolphin(s) at issue were unmarked, unlit, submerged, defective, and therefore constituted a hazard to the GOOD SHEPHERD and its barges.

24.     The United States' failure to adequately design, construct, install, maintain, repair, control, and replace the unmarked, submerged mooring dolphin(s) caused GOOD SHEPHERD's barge, MEM 2447, to strike the mooring dolphin(s), breach its hull, and sustain damages to MEM 2447 and its cargo.

25.     The United States waived its sovereign immunity in connection with the claims asserted in this suit by the enactment of the Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq*.

26.     The USACE's—and, by virtue, the United States'—failure to comply with industry standards, state and federal statutes and/or regulations which are designed to prevent allisions implicates the "Pennsylvania Rule" which creates the presumption of causation and shifts the burden of proof onto USACE to show that it could not have been at fault.

27.     The United States is liable for Marquette's damages incurred as a result of the incident, including, but not limited to Marquette's damages incurred as a result of the incident, including, but not limited to barge damage, value of lost cargo, wreck removal and salvage charges.

### COUNT TWO – NEGLIGENCE *PER SE*

28.     The allegations contained in Paragraphs 1 through 28 are incorporated by reference herein as if set forth in full below.

29. The USACE violated numerous standards, state and federal statutes, and/or regulations including but not limited to 33 U.S.C. § 409, and 33 C.F.R. § 64 and § 67.01, *et seq*.

30. The United States is negligent *per se* based on these statutory and regulatory violations.

31. The United States is liable for Marquette's damages incurred as a result of the incident, including, but not limited to barge damage, value of lost cargo, wreck removal and salvage charges; survey fees; costs and attorney's fees; and other present and future losses that are not ascertainable at this time.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Marquette Transportation Company Gulf-Inland, LLC prays that, after due proceedings are had, this Complaint be deemed good and sufficient and that:

(i) a money judgment be rendered in favor of Marquette and against the United States of America for its negligent acts and award Marquette all damages to which it is entitled;

(ii) Marquette be awarded its litigation expenses, court costs, reasonable attorney's fees, pre- and post-judgment interest, and any and other costs and expenses incurred in bringing this action; and

(iii) Judgment be rendered in favor of Marquette and against the United States of America for all other general and equitable relief deemed appropriate by this Court.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Evans Martin McLeod*
      Evans Martin McLeod (Bar #24846)
      Jeremy T. Grabill (Bar #34924)
      Arthur R. Kraatz (Bar #35194)
      Harrison M. Martin (Bar #39271)
      Canal Place | 365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130
      Telephone: 504 566 1311
      Facsimile: 504 568 9130
      Email: marty.mcleod@phelps.com
      Email: jeremy.grabill@phelps.com
      Email: arthur.kraatz@phelps.com
      Email: harrison.martin@phelps.com

**ATTORNEYS FOR PLAINTIFF MARQUETTE TRANSPORTATION GULF-INLAND, LLC**